FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) ⇔67662-054⇔
Lena Lasher
Register # 67662-054
33 & 1/2 Pembroke RD
Federal Correctional Inst
Danbury, CT 06811-3099
United States

(2) _____
(Name of Plaintiff)    (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

FILED
HARRISBURG, PA

AUG 29 2017

1:17-CV-1546
(Case Number)

vs.

CIVIL COMPLAINT

(1) Pennsylvania State Board of Pharmacy (PA BOP)

(2) Thomas Bat, Pharmacy Inspector for the Pennsylvania State Board of Pharmacy

(3) Kerry E. Maloney, Board Counsel
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER: __✓__ 42 U.S.C. § 1983 - STATE OFFICIALS
_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

N/A

_____

_____

_____

1

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ____Yes  ✓ No  *not to my knowledge*

B. Have you fully exhausted your available administrative remedies regarding each of your present claims?  ✓ Yes  ____No

C. If your answer to "B" is Yes:

  1. What steps did you take? An adverse decision of the Pennsylvania Board of Pharmacy was rendered on June 3, 2016, which revoked the plaintiff's pharmacist license, without her knowledge. *I appealed the PA BOP's decision and requested a hearing.*

  2. What was the result? *The Pennsylvania Board of Pharmacy refused to let me appeal the above decision nor grant me a hearing, thus denying me my Constitutional Right.*

D. If your answer to "B" is No, explain why not: _____

## III.  DEFENDANTS

(1) Name of first defendant: (1) Pennsylvania State Board of Pharmacy (PA BOP)
PO Box 2649
2601 North Third St
Harrisburg, PA 17105
Employed as _____
Mailing address: _____

(2) Name of second defendant: (2) Thomas Bat, Pharmacy Inspector for the Pennsylvania State Board of Pharmacy
PO Box 2649
2601 North Third St
Harrisburg, PA 17105
Employed as _____
Mailing address: _____

(3) Name of third defendant: (3) Kerry E. Maloney, Board Counsel
Pennsylvania Department of State
Legal Office - Counsel Division
PO Box 69523
2601 North Third St
Harrisburg, PA 17106
Employed as _____
Mailing address: _____

(List any additional defendants if necessary)

## IV.  STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

COMPLAINT AND JURY DEMAND

STATEMENT OF CLAIM

An adverse decision of the Pennsylvania Board of Pharmacy was rendered on June 3, 2016, which revoked the plaintiff's pharmacist license, without her knowledge.

2

1. Racial, national origin and sex discrimination:

The PA BOP revoked the plaintiff's pharmacist license due to the "conviction". The plaintiff's license was also revoked because of her race, national origin, and sex and therefore further reinforced by the other coordinating agencies which is a violation of the Constitution (Amendment 5 and 6), by going to trial and exercising her constitutional rights; others (white males) who have testified at Plaintiff's trial that they committed the crime (guilty by admission) were not punished by the PA BOP. This is discriminatory, a deprivation of plaintiff's civil rights, and is a violation of substantial due process.

2. Refusal to allow an evidentiary hearing to support her innocence and reinstate her license

The plaintiff is requesting a hearing to prove that she was wrongfully convicted, whereby the denial of a hearing is a violation of her substantial due process right; it prevents her from showing physical evidence and facts which proves her innocence and supports the decision as to why her pharmacist license should not be revoked. Yet the PA BOP and PA Counsel did not answer any of her requests nor petition for review.

The denial of a hearing causes a further violation of the suppression and withholding of evidence and cooberation of facts to prove the plaintiff's credibility.

Unfortunately, her requests were unanswered/ignored by the PA BOP and PA Counsel.

As reflected by the entire record of this case, the PA BOP relied on a conviction and discrimination to revoke Lena Lasher's license, which was wrongfully achieved due to the Government's witnesses purgeries, suppression of evidence by the prosecutors (a Brady Violation), and withheld evidence by the trial Judge. Yet, others (white male pharmacists and technicians) who confessed to the "crime", including prostitution and theft of narcotics and other miscellaneous items from various pharmacies, were not punished by the PA BOB while the plaintiff, an Asian female of Vietnamese descent was violated.

In plaintiff's letters to the PA State Board of Pharmacy (10/31/2016, 3/31/2017, 4/17/2017, 7/10/2017, and 8/9/2017) the Plaintiff asserted that she desired and requested an in-person hearing so that she can bring in witnesses which would confirm her testimonies. Due to her imprisonment and limited resources to do legal work, she requested aid to subpoena witnesses. At the hearing, the plaintiff would expect to have expert witnesses to corroborate her testimony and that of the suppressed video recordings.

3. The defendant agencies failed to deliver the required information which further causes additional delay damage and undue hardship for the plaintiff.

4. The PA BOP and PA Board Counsel erred in the decision as a matter of law in that plaintiff's wrongful criminal conviction is a Brady Violation.

Also, the PA BOP and PA Counsel:

3

a. Allowed a presumption to override an existing, proven, and undisputed fact.

b. Failed to apply the governing pharmacy law PA 27

c. Misinterpreted the governing pharmacy law which deals with fraud on the Court committed by the prosecutors' witnesses.

d. Knowingly allowed their pharmacy inspector, Mr. Thomas Bat, to purger at the plaintiff's trial.

In conclusion, the plaintiff is entitled to keep her pharmacist license active, as other white male pharmacists who testified that they committed the "crime" were able to keep their pharmacist license active; the Plaintiff will be damaged and at a disadvantage and hardship without a hearing to present her case and evidence to dispute those of the hearsay prosecutors' witnesses, including those of the PA BOP and PA Counsel. The Plaintiff has the Constitutional right to face her accusers. Also, the Plaintiff refuses to be victimized any further by the justice system and the PA BOP and PA Counsel. She is in no danger of practicing. Therefore, a hearing where she can have the opportunity to present suppressed/withheld documentation, facts, and evidence would show her innocence and wrongful conviction, and provide her with the justice she deserves.

## PRAYER FOR RELIEF

Plaintiff requests that:

1. The PA BOP, PA Board Counsel of Pennsylvania, and Thomas Bat, defendants, beside promptly answering the complaint to be required to file a certified copy of the transcript of the record, including the evidence on which the findings and decision are based.

The law of revocation due to a "wrongful" conviction is unfair and bias in that Plaintiff's 5th Amendment Due Process Substantial Right is violated, as in Meyer v. NE (1923), Pierce v. Society of Sisters of the Holy Names of Jesus and Mary, Moore v. City of East Cleveland, OH, Skinner v. State of OK (1942).

2. The decision of the PA BOP and PA Board Counsel be reviewed, reversed, and set aside; revoking the plaintiff's license is depriving her of her livelihood; denying her of a hearing is a violation of her due process,. By further revoking her license will further continue to wrongly punish her for the rest of her life.

3. The PA BOP and PA Board Counsel be ordered and directed to order payment of the plaintiff's claim; the plaintiff is seeking compensatory damages, punitive damages, costs of suit, counsel fees for this judgment.

4. The plaintiff is asking for a trial by jury whereas she can provide evidence, via pharmacy paper trail, pharmacy business records, pharmacy law, unredacted pharmacists" write-ups, and the suppressed video recordings which showed that she did not commit the crime. The plaintiff can not be guilty of a crime she was not there to commit, and which she did not agree to commit, more so, for an act that she did not condone. The unredacted write-ups in themselves show clearly that the Plaintiff reprimanded the testifying witnesses, for the very act that the government presented as being directed by the Plaintiff. The Government recently turned the suppressed video recordings over to the plaintiff, which is in the possession of the Bureau of Prisons (BOP) Camp Unit manager Ms. Mitchell.

5. The plaintiff is also requesting Judicial Review by filing this civil action.

6. The plaintiff has such other and further relief as may appear just and proper to the Court.

(4)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __21st__ day of __August__, 20__17__.

_lenalasher_
(Signature of Plaintiff)

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $350.00.

If you do not have sufficient funds to pay the full filing fee of $350.00 you need permission to proceed in forma pauperis. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1)   the average monthly deposits to your prison account for the past six months; or

2)   the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $350.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form.** ____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court.</u> **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.** √

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

